[Cite as *State v. Milliken*, 2022-Ohio-4497.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2022-0008 |
| | : | |
| ERIC MILLIKEN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2021-0483

JUDGMENT: AFFIRMED

DATE OF JUDGMENT ENTRY: December 13, 2022

APPEARANCES:

For Plaintiff-Appellee:

RONALD L. WELCH
MUSKINGUM CO. PROSECUTOR
TAYLOR P. BENNINGTON
27 North Fifth St., P.O. Box 189
Zanesville, OH 43701

For Defendant-Appellant:

TODD W. BARSTOW
261 West Johnstown Road Ste. 204
Columbus, OH 43230

*Delaney, J.*

{¶1} Appellant Eric Milliken appeals from the Entry of conviction and sentence dated December 27, 2021, of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following facts are adduced from the record of appellant's jury trial.

{¶3} Appellant was the live-in boyfriend of Mother Doe from 2014 until 2015. During this period, Mother's daughter Jane Doe was 5 to 7 years old.

{¶4} In 2021, Jane Doe disclosed to her boyfriend in a text message that appellant sexually assaulted her while he lived in the home. Mother had an app, Bark, which notified her when certain words were used in Jane's texts. Mother thus learned of the allegation and asked Jane what happened. Jane said appellant touched her inappropriately.

{¶5} Mother contacted child protective services of Muskingum County and reported sexual abuse. The agency opened an investigation and referred Mother and Jane to Harcum House for a forensic interview. During the forensic interview, Jane disclosed multiple incidents of sexual assault including touching of the genitals and oral, vaginal, and anal intercourse.

{¶6} Shortly after Jane Doe's disclosure, her cousin, Mary Roe, disclosed that appellant sexually assaulted her when she spent the night with Jane Doe. Mary disclosed that appellant entered the bedroom she was in, touched her breasts, and digitally penetrated her.

{¶7} Appellant was charged by indictment as follows: Count I, gross sexual imposition (G.S.I.) pursuant to R.C. 2907.05(A)(4), a felony of the third degree; Count II, G.S.I. pursuant to R.C.2907.05(A)(4), a felony of the third degree; Count III, rape of a child under the age of 10 pursuant to R.C. 2907.02(A)(1)(b), a felony of the first degree; Count IV, rape of a child under the age of 10 pursuant to R.C. 2907.02(A)(1)(b), a felony of the first degree; Count V, G.S.I. pursuant to R.C. 2907.05(A)(4), a felony of the third degree; and Count VI, rape pursuant to R.C. 2907.02(A)(1)(b), a felony of the first degree.[1] Counts I through IV were against victim Jane Doe, and Counts V and VI were against victim Mary Roe.

{¶8} Appellant entered pleas of not guilty and the matter proceeded to trial by jury. Appellant was found guilty as charged. The trial court deferred sentencing pending a pre-sentence investigation.

{¶9} On December 27, 2021, the trial court found, e.g., that appellant fled the state to avoid prosecution, had multiple victims whose lives can never be fully restored, and showed absolutely no remorse. The trial court imposed an aggregate mandatory prison term of life without parole followed by life without parole for ten years.

{¶10} Appellant now appeals from the trial court's Entry of conviction and sentence entered December 29, 2021.

---

[1] Appellee amended Count VI at the close of the evidence at trial eliminating the allegation that the victim was under the age of 10.

{¶11} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶12} "THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF RAPE AND GROSS SEXUAL IMPOSITION AS THOSE VERDICTS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**ANALYSIS**

{¶13} In his sole assignment of error, appellant argues his convictions for rape and gross sexual imposition are against the manifest weight and sufficiency of the evidence. We disagree.

{¶14} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after

viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶15} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶16} Sufficiency of the evidence is a legal question dealing with whether the state met its burden of production at trial. *State v. Murphy*, 5th Dist. Stark No. 2015CA00024, 2015–Ohio–5108, ¶ 13, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *Murphy* at ¶ 15. The test for sufficiency of the evidence raises a question of law and does not permit the court to weigh the evidence. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Murphy* at ¶ 15, citing *Thompkins* at 386.

{¶17} Appellant was convicted upon multiple counts of G.S.I. pursuant to R.C. 2907.05(A)(4), which states in pertinent part:

> (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> * * * *.
>
> (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

{¶18} "Sexual contact" is defined as any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person. R.C. 2907.01(B).

{¶19} He was also convicted of multiple counts of rape pursuant to R.C. 2907.02(A)(1)(b), which states in pertinent part:

> A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
>
> * * * *.

(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

{¶20} R.C. 2907.01(A) defines "sexual conduct" as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."

{¶21} Appellant argues his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence because of minor inconsistencies in the testimony of the victims. Appellant does not challenge appellee's evidence on any specific element of the offense; instead, his arguments are premised upon the victims' credibility. We have held that the testimony of one witness, if believed by the factfinder, is enough to support a conviction. See, *State v. Dunn*, 5th Dist. Stark No. 2008– CA–00137, 2009–Ohio–1688, ¶ 133. The weight to be given the evidence introduced at trial and the credibility of the witnesses are primarily for the trier of fact to determine. *State v. Thomas*, 70 Ohio St.2d 79, 434 N.E.2d 1356 (1982), syllabus. It is not the function of an appellate court to substitute its judgment for that of the factfinder. *State v. Jenks*, 61 Ohio St.3d 259, 279, 574 N.E.2d 492 (1991). Any inconsistencies in the witnesses' accounts were for the trial court to resolve. *State v. Dotson*, 5th Dist. Stark No. 2016CA00199, 2017-Ohio-5565, ¶ 49. "The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other." *State v. Brindley*, 10th Dist. Franklin No. 01AP–926, 2002–Ohio–2425, ¶ 16.

{¶22} First, appellant points to Jane Doe's statement at the beginning of the forensic interview that she "did not really remember what happened." This statement is unremarkable because Jane may have been hesitant at first to disclose to the forensic examiner. Appellant further notes that Jane said her mother was home during two of the assaults, but apparently didn't notice anything was wrong and Jane didn't reveal what happened. Again, we find this testimony unremarkable and not indicative of Jane's credibility. Jane explained that she didn't tell her mother right away because she didn't understand the activity was wrong, and yet during another incident, she realized her mother was coming home during the act, got dressed, and left appellant's bedroom. In appellant's estimation, this behavior indicates Jane "had some inkling that what was happening was wrong." Again, we find this "discrepancy" insignificant. As Jane testified, she was afraid to tell her mother because she worried that no one would believe her. There are innumerable reasons why a 6-year-old child may choose not to disclose sexual abuse, as the forensic interviewer testified, and this choice has little bearing on the child's credibility.

{¶23} Finally, appellant asserts Mary Roe was only "joining the bandwagon" of the family's allegations against him, but we find no support for this assertion in the record. As appellee points out, Mary partially disclosed the abuse to her stepmother before she spoke to anyone else about it. Ultimately appellant's characterization of the victims' lack of credibility is unavailing.

{¶24} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State*

*v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986). "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." *State v. Pizzulo*, 11th Dist. Trumbull No. 2009–T–0105, 2010–Ohio–2048, ¶ 11. Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. *Id.* The finder of fact may take note of the inconsistencies and resolve or discount them accordingly, but such inconsistencies do not render defendant's conviction against the manifest weight of the evidence. *State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714, at *3 (May 28, 1996).

{¶25} We note that appellant's premise is belied by the evidence presented at trial. The jury was able to watch the victims' interviews and hear their testimony. Appellant himself testified that the victims are good girls who have no reason to lie.

{¶26} Upon our review of the entire record, we conclude appellant's rape and G.S.I. convictions are supported by sufficient evidence and are not against the manifest weight of the evidence. His sole assignment of error is overruled.

**CONCLUSION**

{¶27} Appellant's sole assignment of error is overruled, and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, Earle, P.J. and

Baldwin, J., concur.